IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


WILLIAM WADE WALLER CO. d/b/a
OUTONTHEROCK.COM                                                          PLAINTIFF

v.                                       No. 4:10CV764 GTE

NEXSTAR BROADCASTING, INC.
and
RK COLLECTIONS, INC.                                                     DEFENDANTS


**BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF DEFENDANT
NEXSTAR BROADCASTING, INC. ON COUNT II OF PLAINTIFF'S COMPLAINT**

defendant Nexstar Broadcasting, Inc. ("Nexstar") has moved the Court to enter summary judgment dismissing Count II of plaintiff's complaint.[1]  In support of that motion, Nexstar submits this brief.

**STATEMENT OF THE FACTS**

Plaintiff William Wade Waller Co. ("WWW") operates a website, OutontheRock.com, that contains pictures and information about social events in Little Rock.  On October 22, 2009, WWW sent its photographer, Joanna Tilley, to photograph a fashion show sponsored by RK Collections, Inc. ("RK"), a local clothing boutique.  The fashion show was held at Sticky Fingerz, a night club located in the River Market area.  Plaintiff published the photographs on its website, OutontheRock.com, on October 23, 2009.   (Waller Dep. at 14, Statement of Undisputed Material Facts ("SUMF") Ex. A.)

---

[1] In previous submissions, Nexstar moved for summary judgment on Count I of plaintiff's complaint.

Plaintiff alleges – and for purposes of this motion Nexstar assumes to be true - that RK downloaded seven photographs of the fashion show from the OutontheRock.com website and then provided them to KARK-TV, a television station owned by Nexstar, for production of a television commercial; and that Nexstar aired a commercial for Nexstar containing the seven pictures during November and December 2009.  Plaintiff also alleges that the photographs had the phrase "OutontheRock.com" superimposed or "burned" on the photographs.  Plaintiff claims that when the photographs were used on the advertisement, the phrase "OutontheRock.com" had been "cropped" so that it did not appear on the photographs in the advertisement, and plaintiff offers no allegation or proof that such "cropping" was performed by Nexstar/KARK-TV.  As plaintiff's principal, William Wade Waller, stated in his deposition:

> Q.    I'll just say that it [the complaint] says that KARK ran an advertisement that included a montage of plaintiff's photographs, but they were all cropped to eliminate the OutOnTheRock.com legend, and then further on down in paragraph 14, you referenced 17 photographs, correct?
>
> A.    I do not recall 17 total photographs, but I don't know the exact number, so I couldn't say in regards to your question on paragraph 14.
>
> In regards to number 11, the in December 2009 KARK television ran an advertisement for RK Collections that included a montage of plaintiff's photographs, we could not see the logo in the TV commercial, is that what you're asking me to figure out? **Because I don't know who cropped them, what happened, who did it, where it did.**  I just know that those are my photos.
>
> .                    .                    .
>
> Q.    Okay. Okay.  Do you have any – and factual basis for your apparent contention that it was KARK who cropped the  OutOnTheRock.com bug off the photos?
>
> A.    **I don't have any factual information on that at all.**
>
> Q.    All right.
>
> A.    **I don't know who did that.**

2

(Waller Dep. at 9, 31-32, emphasis added, SUMF Ex. A.)

## ARGUMENT

Plaintiff claims in Count II of its complaint that it is entitled to damages under 17 U.S.C. § 1203 for purported violations of 17 U.S.C. §§ 1201 and 1202.  These provisions are known as the Digital Millennium Copyright Act.   Generally, this Act provides protection against circumvention of technological measures aimed at copyright protection (§ 1201) and either providing false copyright management information or removing or altering copyright management information (§ 1202).  Plaintiff's claims fail, as a matter of law.

**(1)     Plaintiff's claim under § 1201 must be dismissed because there has been no circumvention of technological measures aimed at controlling access to a work.**

Plaintiff's claim under § 1201 fails because plaintiff's allegations do not fall within the ambit of that section.  The scope of the proscription contained in § 1201 is limited to three types of conduct:  (a) circumventing a technological measure that effectively controls access to a work; (b) manufacturing, importing or marketing any device that is used to enable one to circumvent a technological measure that is designed to control access to a work; or (c) manufacturing, importing or selling a product or device that is designed for the purpose of circumventing a technological measure that protects a right of a copyright owner.  17 U.S.C. § 1201(a)(1), (2), (b).  Plainly, neither of these types of conduct is at issue in this case.  There is no suggestion that plaintiff had a technological measure aimed at controlling access to the pictures, and there is no suggestion that Nexstar made, imported or marketed any sort of device aimed at circumventing either access-controlling technology or technology aimed at protecting a copyright holder's interest.  *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178, (Fed. Cir.

2004), *cert. denied*, 544 U.S. 923, 125 S.Ct. 1669 (2005).   Accordingly, as a matter of law,

plaintiff's claim under 17 U.S.C. § 1201 should be dismissed.

> **(2)    Plaintiff's claim under § 1202 must be dismissed because there is no evidence that Nexstar removed copyright management information.**

Section 1202 prohibits one from (a) providing false copyright management information

or (b) intentionally removing or altering copyright management information, distributing

information with knowledge that such information had been removed or altered.   17 U.S.C. §

1202(a), (b).   There are differing views on whether a bug or legend on a digital photograph

constitutes "copyright management information" and whether its removal constitutes a violation

of section 1202.   *Compare    Cable v. Agence France Presse*, 728 F. Supp.2d 977 (N.D. Ill.

2010), *with IQ Group, Ltd. v. Wiesner Publishing LLC*, 409 F. Supp.2d 587 (D.N. J. 2006).   The

Court, however, need not delve into that issue because even if § 1202 encompasses such conduct,

there is no proof whatsoever that Nexstar engaged in the alleged conduct.   To the contrary,

plaintiff's principal admitted in his deposition that he did not know who "cropped" his

photographs.   (Waller Dep. at 9, 31-32, SUMF Ex. A.)   Accordingly, for lack of any evidence of

such a violation committed by Nexstar, count II of plaintiff's complaint must be dismissed.

Respectfully submitted,

QUATTLEBAUM, GROOMS,
   TULL & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
(501) 379-1700
FAX (501) 379-1701

By: */s/ Charles L. Schlumberger*
      Charles L. Schlumberger (79253)
      cschlumberger@qgtb.com

*Attorneys for Nexstar Broadcasting, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2011, I caused the foregoing to be filed on the Court's CM/ECF system, and copies were served through that system on all counsel of record.


_/s/ Charles L. Schlumberger_____
Charles L. Schlumberger