**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MAY 23 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

WILLIAM WADE WALLER CO. d/b/a
OUTONTHEROCK.COM

PLAINTIFF

v.                                        No. 4:10CV764 GTE

NEXSTAR BROADCASTING, INC.
and
RK COLLECTIONS, INC.                                        DEFENDANTS

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT
R.K. COLLECTIONS, INC.**

Pursuant to Fed. R. Civ. P. 56, defendant R.K. Collections, Inc. ("RKC") moves the

Court to enter summary judgment dismissing plaintiff's complaint. There is no genuine issue of

material fact, and RKC is entitled to judgment as a matter of law. As grounds for this motion,

RKC states the following:

## STATEMENT OF THE FACTS

On October 22, 2009 RKC held a private fashion show at Sticky Fingerz, a restaurant and

night club located at 107 Commerce Street, Little Rock, AR 72201. RKC was not aware that the

plaintiff outontherock.com or its agents would be present at the private fashion show. RKC did

not give the plaintiff permission to take photos of its models and guests. During the fashion

show, the professional photographers that RKC had invited to the fashion show were directed to

stand at each end of the runway.

The plaintiff's employee published certain photos on the company's website on October

23, 2009. In December, 2009, RKC contracted with fellow defendant Nexstar Broadcasting, Inc.

("Nexstar") to run television commercials using photographs taken by RKC employees at the

fashion show. (Waller Dep. at 56.)

Subsequently to the running of these advertisements, the plaintiff William Wade Waller contacted RKC employees Jonathan Lawrence and Robert Lawrence, stating that he believed RKC had used its photos and demanded compensation. Jonathan Lawrence and Robert Lawrence disputed Mr. Waller's claim and refused to pay him. Mr. Waller then threatened to sue RKC unless RKC entered into a contract with him providing him exclusive right to photograph future RKC fashion shows at a cost of $250 per month. RKC refused. (Waller Dep. at 33.)

On a second occasion, Mr. Waller contacted RKC employees Jonathan Lawrence and Robert Lawrence and threatened to sue RKC unless it provided him with a $400 gift certificate to the store. Despite the plaintiff's threats, RKC again disputed his claims and refused to comply with his demands. (Waller Dep. at 54).

On February 10, 2010, the Plaintiff registered a copyright over the photos taken by its photographer the night of the fashion show and published that same evening. The Plaintiff filed his Complaint on July 6, 2010. In its Answer, RKC denied providing fellow defendant Nexstar with any photos that were copyrighted by the Plaintiff and maintains that denial.

## ARGUMENT

Plaintiff claims in Count 1 of its Complaint that it is entitled to damages under 17 USC § 504. This claim should be dismissed, however, because any alleged infringement occurred after first publication of the work and before the effective date of its registration. Plaintiff's claims to damages under 17 USC § 1203 also fail because the Plaintiff's website name on each photo do not constitute copyright management information under 17 USC § 1202.

**(1)     Plaintiff's claim under 17 U.S.C. § 504 should be dismissed because the alleged infringement occurred outside the time period providing statutory penalties**

In Count 1 of the Plaintiff's Complaint, the Plaintiff alleged that any use of its photographs in the December, 2009 television commercials constituted a violation of 17 USC § 106. The Plaintiff further alleged that it may claim actual and statutory damages as well as attorney's fees under 17 U.S.C. § 504(b) and (c).

The Plaintiff is not entitled to statutory damages or attorney's fees, however. 17 U.S.C. § 412(2) ("Section 412") states, "No award of statutory damages or of attorney's fees, as provided by [17 U.S.C. § 504] shall be made for...any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Section 412 "leaves no room for discretion," mandating that no award of statutory damages or of attorney's fees shall be made if the infringement commenced after first publication of the work and before the effective date of its registration. *Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir. 1998). Infringement "commences," when the first act in a series of acts constituting continuing commencement occurs. *Id.* at 506.

Here, first publication of the Plaintiff's photographs occurred on October 23, 2009, when the Plaintiff's photographer published the photographs on the company's website. The alleged infringement commenced on or about December 1, 2009 with the airing of the RKC commercials by Nexstar. The effective date of the Plaintiff's copyright registration was not until February 10, 2010, however.  Because the commercials that Plaintiff alleges constitute an infringement were aired before the Plaintiff's copyright registration became effective, the Plaintiff is not entitled to statutory damages under 17 U.S.C. § 504.

Federal law provides an exception for published work if registration is made within three months of the first publication of the work, 17 U.S.C. § 412(2), but that exception does not apply to the Plaintiff. As noted before, the Plaintiff first published its photographs on October 23,

2009, and copyright registration was not made until February 10, 2010, more than three months later. Furthermore, any extensions of this exception provided for applications that are submitted would be inapplicable in this case because Plaintiff has not provided its copyright registration application to RKC in response to RKC's discovery requests. Because the Plaintiff registered its copyright well after the three-month time frame allowed for claims under 17 U.S.C. § 504, the Plaintiff's claim under Count 1 of its Complaint should be dismissed.

(2)     **Plaintiff's claims under 17 USC § 1203 should be dismissed because the Plaintiff's placing web site information on the bottom of the photographs does not constitute copyright management information under that statute.**

In Count 2 of the Plaintiff's Complaint, the Plaintiff alleges that any use of its photographs in the December, 2009 television commercials entitled the Plaintiff to damages under 17 USC § 1203 ("Section 1203"). Setting aside RKC's denial that it used the Plaintiff's photos, the use of photographs as the Plaintiff has alleged does not constitute a violation of either 17 USC § 1201 ("Section 1201") or 17 USC § 1202 ("Section 1202"). The Plaintiff's claims therefore fail as a matter of law.

Section 1201 is inapplicable to the Plaintiff's case. Section 1201 prohibits anyone from manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof, that (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that

effectively controls access to a work protected under this title. 17 USC § 1201(a)(2). To "circumvent a technological measure" means "to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner. 17 USC § 1201(a)(3). Even accepting the facts as alleged by the Plaintiff, Section 1201 is inapplicable. The Plaintiff is therefore not entitled to damages as prescribed by Section 1203 for any violations of Section 1201.

The Plaintiff is also not entitled to damages under Section 1203 for any claimed violations of Section 1202. Section 1202 prohibits a party from (a) providing or distributing false copyright management information or (b) removing or altering copyright management information. Courts disagree on whether Section 1202 protects against the removal of an automated copyright protection or management system or the mere removal of a website's name. *Compare*, *AP v. All Headline News Corp.*, 608 F. Supp. 2d 454, 462 (S.D.N.Y. 2009) and *IQ Group v. Wiesner Publ'g, Inc.*, 409 F. Supp. 2d 587, 598 (D.N.J. 2006).

The Plaintiff's photographs were posted on its website with "outontherock.com" printed on the bottom of each photograph. The Plaintiff has not used automated, digital management information such as a digital imprint, nor has Plaintiff placed any automated protection in place that limits the manipulation of the image. (Waller Dep. at 52). Plaintiff places all of its photographs on a web site that encourages individuals to download the photos. (Waller Dep. at 51). The only limitation on copying or security measure is a request to leave the web site on the copied photographs, and this request was not added until the web site had been in place for "a couple of years." *Id*. While the statute's definition of copyright management information is subject to different interpretations around the country, Section 1202 certainly does not apply to

such minimal steps as the Plaintiff's. Any claims to damages for violations of Section 1202 should therefore be dismissed.

Even assuming that Section 1202 does apply, however, the Plaintiff has not presented any evidence proving that RKC altered or removed copyright management information from Plaintiff's photographs. While the Plaintiff's Complaint alleges in page 5, paragraph 16 of its Complaint that RKC had placed its photographs on the company's Facebook page, these do not constitute a violation of Section 1202. In fact, the Plaintiff conceded that "outontherock.com" was clearly visible on the posted photograph, thus not violating the Section 1202. (Waller Dep. at 49–50). The only use of Plaintiff's photographs that the Plaintiff has attributed to RKC was the posting of photos on Facebook, which admittedly complied with the requested limits posted on the Plaintiff's website. Given that the Plaintiff has provided no evidence that RKC removed copyright management information, the Plaintiff's complaint should be dismissed.

For the reasons set forth herein, the RKC respectfully requests that this court grant this Motion for Summary Judgment, dismissing the plaintiff's complaint.

Respectfully submitted,

GILL ELROD RAGON OWEN & SHERMAN, P.A.
425 W. Capitol Ave., Suite 3801
Little Rock, AR  72201
(501) 376-3800

By:

Chad L. Cumming, Ark. Bar No. 2008028
cumming@gill-law.com

*Attorneys for R.K. Collections., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2011, I caused the foregoing to be filed with the Court's CM / ECF system, and copies were served on counsel of record through that system.

_____
Chad L. Cumming Jr.