**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WILLIAM WADE WALLER CO., d/b/a OUTONTHEROCK.COM** — **PLAINTIFFS**

**V.** **NO. 4-10-CV-00764 GTE**

**NEXSTAR BROADCASTING, INC., d/b/a KARK TELEVISION, and RK COLLECTIONS, INC.** — **DEFENDANTS**

# ORDER

Plaintiff William Wade Waller Co. ("Waller") brings this federal copyright action contending that seventeen photographs with its copyright watermark (outontherock.com) removed or cropped out appeared in a December 2009 television commercial for RK Collections ("RKC") produced by Defendant Nexstar Broadcasting, Inc., d/b/a KARK Television ("Nexstar"). Waller contends the infringement was willful and seeks damages for same.

Before the Court are motions for summary judgment filed by Defendants Nexstar and RKC. Plaintiff William Wade Waller Co. ("Waller") opposes summary judgment. After a careful review of the motion papers, the Court concludes that Defendants Nexstar and RK are entitled to judgment as a matter of law on all claims asserted by Plaintiff Waller.

## I. FACTS WITHOUT MATERIAL CONTROVERSY

Plaintiff Waller operates a website, OutontheRock.com. The website "does photojournalism of the Central Arkansas social scene." (Complaint at ¶ 2).

On October 22, 2009, Waller sent his photographer, Joanna Tilley, to a fashion show sponsored by RKC, a local clothing boutique. The fashion show was held at Sticky Fingerz, a night club located in the River Market area. It was a private event. RKC had professional photographers present and did not request Waller's agent, Tilley, to photograph its models and guests.

Tilley photographed the RKC models at the fashion show without RKC's consent. On October 23, 2009, Waller or one of its employees published some of the photos taken by Tilley on OutontheRock.com. All pictures on the website contain the watermark "outontherock.com" in the bottom right hand corner of the photograph. There is no automated protection in place to restrict copying or use of the images contained on Waller's website.

Some time thereafter (the time has not been determined), RKC posted some photos taken by Tilley at the fashion show on its Facebook page, leaving the watermark "outontherock.com" on the photos. In December 2009, RKC contracted with Nexstar for the production of television commercials to appear on KARK. The photographs used in the commercials included those taken by Tilley.

On February 10, 2010, Plaintiff registered the photos in question with the U.S. Copyright Office..

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure establishes the procedure for obtaining summary judgment. Summary judgment is appropriate when the party opposing the motion bears the ultimate burden of persuasion at trial and fails to establish a fact issue as to each essential element of his claim on which he bears the burden of proof. *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-24 (1986); *Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 718 (8th Cir. 2000), cert. denied, 531 U.S. 1077 (2001).

One of the principle purposes of summary judgment is to dispose of factually unsupported claims. *Celotex*, 477 U.S. at 323-24. The moving party's burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's csae." 477 U.S. at 325. As the Supreme Court has noted:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322.

"To avoid summary judgment, the non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *Buettner*, 216 F.3d at 718 (omitting citation).

## III. DISCUSSION

### A. Count I - Claim for actual damages or statutory damages under the Copyright Act

Pursuant to the Copyright Act, a copyright owner in a civil infringement lawsuit may recover two types of damages: (2) actual damages and "any additional profits of the infringer" or (2) statutory damages. 17 U.S.C. § 504(a)-(c). Defendants argue that, assuming an infringement occurred, Plaintiff's proof will not permit him to recover either damage option.[1]

#### (1) Plaintiff cannot recover statutory damages or attorney's fees

[1] Plaintiff mentions the availability of injunctive relief under the Copyright Act. However, Plaintiff's Complaint makes no request for injunctive relief and that issue is therefore not before the Court.

Both Nexstar and RKC contend that Waller is precluded from recovering statutory fees or attorney's fees. For cause, Defendants contend that Plaintiff failed to register a copyright within three months of the first publication of the photos, which is a statutory requirement for recovery.

Under the statute, statutory damages and attorney's fees are not available for:

> any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2).

Publication is a technical term under the Copyright Act. Plaintiff's act of posting the pictures to the website and making them accessible to others for distribution is considered a publication. See, e.g., *Getaped. Com, inc. v. Cangemi*, 188 F.Supp.2d 398, 400 (S.D.N.Y. 2002) (finding display of web page published it).

It is undisputed that registration occurred in this case more than three months after the first publication. It is clear that Plaintiff published the photos in question by posting them on his website on or about October 23, 2009, that the infringement occurred in November and December 2009, and that Plaintiff did not register the photographs in question until February 10, 2010, more than three months after the first publication.

Plaintiff's claim for statutory damages and attorney's fees must be dismissed.

**(2) Plaintiff has failed to present proof to support a claim for actual damages**

Defendants argue that Plaintiff has failed to present sufficient proof to permit a recovery for actual damages. To recover actual damages, Waller must show a causal connection between the infringement and any damages sustained. See *Sunset Lamp Corp. v. Alsy Corp*., 749 F.Supp. 520, 522 (S.D.N.Y.1990) (the "actual damages must bear a 'necessary, immediate and direct causal connection'

to the defendant's infringement") (omitting citation and internal quotations). Actual damages can not be based on speculation. *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430 (8th Cir. 1992) (affirming district court's finding that copyright owner's proof of actual damages was too speculative to support award).

Plaintiff asserts generally that "[the photos] are valuable, and my work needs to be protected, and companies should not be allowed to use other people's work without permission." (Waller depo., at p. 34). However, Waller has made no effort to prove that it in fact suffered damages or to quantify those damages. When asked about the value of the photographs during his deposition, Wade Waller offered the following testimony:

> Q. Okay. Tell me this, what value in monetary terms do you put on the fact, assuming it's proven, that your photographs were used in this advertisement?
> A. I'm going to have to defer to other lawsuits across the country because I don't know the value. The court system is gong to have to determine that.

(Waller depo., at 34).

Defendants point out that Plaintiff freely published the photos on its website and allowed anyone to use the pictures, the only limitation to free access being that users were asked to leave the outontherock.com logo on the photos. There is no proof that use of the photos affected Plaintiff or its business ventures.

In its response brief, Plaintiff states that this case "is not yet at the actual damages point."[2] The Court is not sure what Plaintiff means by this statement. There was no request to bifurcate liability from damages. Defendants have pointed out that actual damages are not reasonably in dispute. Plaintiff's

---

[2] Plaintiff's response brief, doc. no. 22 at p. 2.

obligation is to support his claim for actual damages by presenting admissible evidence of same. Plaintiff has failed to do so.

Plaintiff also points out that damages are available for the infringer's profits. Waller argues that "at this stage, it still can show damages based on Nexstar's profits in running the commercial and RKC's increased sales during the time the commercial ran on Nexstar's Channel 4."[3] Plaintiff is correct that such damages are theoretically available, but at the summary judgment stage, it must do something more than present a theory for relief. Waller is obliged to show some proof to support a claim for the recovery of damages, which Defendants have called into question. Waller has shown none. There is no presumption that any revenues that RKC can be said to have collected as a result of the commercials are attributable to the infringement. "A plaintiff cannot simply presume that the sales of a defendant's products are due to copyright infringement." *Berg v. Symons*, 393 F.Supp. 2d 525, 547 (S.D. Tex. 2005).

Because there is no evidence to support an award of actual damages or profits, the Court will grant judgment as a matter of law on actual damages.

**B. Count II - Claim for damages for cropping out the watermark of ownership on the photographs**

Plaintiff's also raises a claim under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1203, claiming that one of the Defendants actions in cropping the "outontherock.com" logo from the photos were "willful and designed to conceal their infringement."[4]

---

[3] *Id.*, at p. 3.

[4] Plaintiff's Complaint at p. 7, ¶ 20.

Among other things, the law prevents the removal or alteration of copyright management information.[5] The relevant section of the DMCA reads:

> **(b) Removal or alteration of copyright management information**. -- No person shall, without the authority of the copyright owner or the law-
>
> (1) intentionally remove or alter any copyright management information,
>
> (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
>
> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b).

The parties first dispute whether the watermark website address on the photographs can even be considered "copyright management information" to which § 1202(b) applies. The term is defined in the statute to include, among other things: "[t]he title and other information identifying the work, including the information set forth on a notice of copyright," and "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(b).

The Court is inclined to agree with those courts taking a broader view of the term. *See e.g. Cable v. Agence France Presse*, 728 F.Supp. 2d 977 (N.D. Ill. 2010) (finding professional photographer's name and link to website to be copyright management information). However, it is

---

[5] Another portion of the DMCA, 17 U.S.C. § 1201, relates to the circumvention of technological measures aimed at controlling access to a work. Plaintiff makes no factual allegations to support such a claim.

unnecessary to resolve that dispute. Assuming for purposes of this ruling that the website logo on Plaintiff's photographs was copyright management information entitled to the protection of the DMCA, there is still is a serious question as to whether Plaintiff has presented sufficient evidence to prove its claim.

Plaintiff has failed to present any evidence that either Defendant removed the website name from the photographs. Instead, Plaintiff argues that it one of the two must have removed the website name and therefore that it should be permitted to present its case to a jury.

RK Collections points out that while it placed Plaintiff's photographs on its Facebook page, when it did so, the "outontherock.com" logo was clearly visible, and its posting was therefor within the permissible use granted by Plaintiff. Further, RKC points out that Plaintiff has presented no evidence that RKC removed the watermark. Nexstar has presented a declaration from Ross Cook, the producer of the RKC commercials, stating that he received the photographs without any identifier on them and that he did not "crop" the photographs.

Beyond the issue of who removed the logo, the DMCA also has an intent requirement. Plaintiff must show not only that RKC or Nexstar removed the web logo from the photographs, but that they did so intentionally. Leaving the logo off is not, in an of itself, a violation of the DMCA. A defendant who does so violates the DMCA only if he knows or has reason to know that removal of copyright management information would "induce, enable, facilitate, or conceal an infringement" of any right under copyright law. 17 U.S.C. § 1202 (b). *Gordon v. Nextel Commc'ns & Muleen Adver., Inc.*, 345 F.3d 922, 926 (6th Cir. 2003) (dismissing plaintiff's § 1202(b)(3) claim where there was no proof that defendant had actual knowledge of the removal of CMI); see also *Keogh v. Big Lots Corp.*, 2006 WL 11293175, at * 2 (M.D. Tenn. April 27, 2006) (rejecting constructive knowledge as adequate and

holding that a plaintiff may not prevail under section 1202(b)(3) unless he shows that infringer acted knowingly and intentionally).

Assuming that RKC intentionally cropped the copyright notice out of the picture before distributing it to Nexstar, Plaintiff has made no effort to show that RKC did so intentionally to induce, enable, facilitate or conceal infringement. Plaintiff asks the Court to simply assume that RKC (or Nexstar) must have cropped the watermark and must have possessed the requisite intent. At the summary judgment stage, Plaintiff must present proof of all the essential elements of each claim on which it will have the burden of proof at trial. Because it has failed to do so, the Court finds that summary judgment is appropriate.

**IV. CONCLUSION**

IT IS HEREBY ORDERED THAT the motions for summary judgment filed by Defendants Nexstar Broadcasting, Inc. and RK Collections, Inc. (doc. nos. 15, 24 and 30) be, and they are hereby, GRANTED. Judgment will be entered separately.

IT IS SO ORDERED this _6th_ day of July, 2011.

_/s/Garnett Thomas Eisele_______________
UNITED STATES DISTRICT JUDGE